**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM A. TILLAR | : | |
| | : | |
| Appellant | : | No. 936 WDA 2024 |

Appeal from the PCRA Order Entered July 3, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000375-2016

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: July 3, 2025**

Appellant William A. Tillar files this *pro se* appeal from the order entered by the Court of Common Pleas of Washington County denying his *pro se* motions which the trial court construed as untimely petitions pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

On January 12, 2017, Appellant was convicted of possession with intent to deliver a controlled substance (PWID), receiving stolen property (RSP), possession of a firearm prohibited, firearms not to be carried without a license, possession of drug paraphernalia, and fleeing or eluding a police officer.

On August 22, 2017, the trial court imposed an aggregate sentence of eleven (11) to twenty-two (22) years' imprisonment. On August 31, 2017, Appellant filed a post-sentence motion, claiming that the jury's verdict was

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

against the weight of the evidence. On September 11, 2017, the trial court denied the post-sentence motion. On March 15, 2019, this Court affirmed the judgment of sentence. *Commonwealth v. Tillar*, 1473 WDA 2017 (Pa.Super. March 15, 2019) (unpublished memorandum).

On September 2, 2020, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who subsequently filed a no-merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 29, 2021, the PCRA court filed its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On the same date, the PCRA court filed a memorandum granting counsel permission to withdraw and explaining its reasoning. Appellant did not file a substantive response to the Rule 907 notice. On October 29, 2021, the PCRA court entered a final order dismissing Appellant's petition. On August 23, 2023, this Court affirmed the dismissal of Appellant's first PCRA petition. *Commonwealth v. Tillar*, 1458 WDA 2021 (Pa.Super. March 15, 2019) (unpublished memorandum).

On June 7, 2024, Appellant submitted two *pro se* filings before the Court of Common Pleas. In the first, Appellant claimed his RSP conviction merged with his Persons Not to Possess conviction. In the second, Appellant asserted that the trial court imposed an incorrect offense gravity score for his Persons Not to Possess conviction. On July 3, 2024, the PCRA court entered an order

construing the petitions collectively as untimely PCRA petitions and dismissing them without an evidentiary hearing. This timely appeal followed.

Appellant raises the following claims of the trial court's error:

1. Did the lower court[] err when it sentenced [Appellant] outside the sentencing guidelines without stating reasons on the record?

2. Did the lower court err when it denied [Appellant] relief under 42 Pa.C.S.A. § 5505, where it is clear that the court possesses jurisdiction to correct a patent and obvious error presented in the (2) motions?

3. Did the lower court[] err when it misinterpreted the law regarding 42 Pa.C.S.A. § 5505?

4. Did the lower court[] err when it gave [Appellant] (2) sentences running consecutively for (1) Firearm?

Appellant's Brief, at 4-5 (reordered for review).

As noted above, the lower court construed Appellant's *pro se* filings raising sentencing challenges as PCRA petitions. "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa.Super. 2013); ***see also*** 42 Pa.C.S.A. § 9542. Section 9542

> provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in [the PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when [the PCRA] takes effect, including habeas corpus and coram nobis.

42 Pa.C.S.A. § 9542.

Our Supreme Court has emphasized that:

> [t]he plain language of Section 9542 demonstrates quite clearly that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy "for the same purpose" is intended to be available; instead, such remedies are explicitly "encompassed" within the PCRA.

*Commonwealth v. Descardes*, 635 Pa. 395, 136 A.3d 493, 499 (2016) (citation omitted) (emphasis in original).

Appellant's claims on appeal center on his assertions that the trial court erred in sentencing him outside the sentencing guidelines for his PWID conviction without stating its reasons on the record and in failing to merge three of his convictions for sentencing purposes.

Appellant's claim that the trial court abused its discretion in imposing a sentence outside the guideline range without placing its rationale on the record is a challenge to the discretionary aspects of sentencing. "Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Hernandez*, 328 A.3d 1159, 1166 (Pa.Super. 2024) (quoting *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) (explaining that requests for relief with respect to discretionary aspects of sentence are not cognizable in PCRA proceedings)).

However, a petitioner's assertion that his convictions should have merged for sentencing is a challenge to the legality of sentence is cognizable under the PCRA and subject to its time limitations. *Commonwealth v. McGee*, 302 A.3d 659, 669 (Pa. 2023); 42 Pa.C.S.A. § 9543(a)(2)(vii). As Appellant's challenge to the legality of his sentence fell within the framework of the PCRA, the PCRA was the sole means by which he could seek relief. As

a result, the PCRA court properly construed Appellant's *pro se* filings as PCRA petitions.[2]

Nevertheless, issues that are cognizable under the PCRA must be raised in a timely PCRA petition. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which are as follows:

---

[2] We also note that although the PCRA court construed Appellant's filings as *pro se* PCRA petitions, the PCRA court did not give Appellant notice pursuant to Rule 907 that it intended to dismiss these petitions without a hearing. See Pa.R.Crim.P. 907(1) (after reviewing a PCRA petition, if the judge is satisfied that there are no material issues and that the petitioner is not entitled to post-conviction relief, the judge "shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal"). However, as Appellant did not object to the trial court's failure to issue a Rule 907 notice, it is waived for our review. ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013) (finding that appellant's failure to challenge the absence of a Rule 907 notice on appeal constitutes waiver of this defect).

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, the PCRA currently requires that "[a]ny petition invoking an exception ... shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 641 Pa. 717, 723, 171 A.3d 675, 678 (2017).

As noted above, Appellant was sentenced on August 22, 2017 and this Court affirmed the judgment of sentence on March 15, 2019, and the Supreme Court denied Appellant's petition for allowance of appeal on September 11, 2019. As Appellant did not file a petition for a writ of certiorari with the Supreme Court of the United States, his judgment of sentence became final on December 10, 2019, upon the expiration of the ninety-day period to seek certiorari review. Thus, Appellant had until December 10, 2020, to file a timely PCRA petition. As the pro se filings at issue in this case were filed on June 7, 2024, such filings are facially untimely.

- 6 -

Appellant does not invoke a PCRA timeliness exception but instead argues that the PCRA timeliness requirements do not apply to his filings, as he asserts that a trial court has the inherent power to correct obvious illegalities in its sentences. Appellant claims the trial court made obvious errors in his aggregate sentence as he contends that his convictions for possession with intent to deliver a controlled substance, receiving stolen property (RSP), and possession of a firearm prohibited should have all merged for sentencing purposes.

Appellant's claim that these three convictions should have been merged for sentencing purposes does not identify a patent and obvious error in the trial court's sentence, but is a challenge to the legality of his sentence that is subject to the time limitations of the PCRA. *McGee*, *supra*.

Even assuming *arguendo* that Appellant had identified a patent and obvious error in his sentence, he was still not be entitled to seek relief through an untimely PCRA petition. We acknowledge in *Commonwealth v. Holmes*, 593 Pa. 601, 615, 933 A.2d 57, 65 (2007), our Supreme Court recognized that a trial court has "inherent power to correct patent errors despite the absence of traditional jurisdiction" when it created a narrow exception to the 30-day statutory time limitation for modifying or rescinding court orders pursuant to 42 Pa.C.S.A. § 5505.[3]

_____

[3] Section 5505 provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within
*(Footnote Continued Next Page)*

Nevertheless, this Court has determined that while "the Supreme Court in *Holmes* recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under section 5505[,] it did not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA." *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa.Super. 2011). This Court explained that:

[i]nherent jurisdiction has been upheld as an exception to section 5505 because section 5505 was never intended to create a strict jurisdictional deadline for correcting orders where there is an obvious illegality in the sentence. *See* [*Holmes*]. This intent is evident from the plain language of the statute. Section 5505 confers on the trial court an affirmative right to modify orders within 30 days after its entry if there is no appeal, and does not expressly limit this authority after the 30-day period has expired. Because section 5505 does not directly prohibit a court from correcting an order after the deadline, our courts have recognized a limited equitable exception to the statute that permits a trial court to correct obvious illegalities in its sentences that are not discovered within the 30-day statutory period.

Section 9545 of the PCRA is not amenable to such equitable exceptions. Section 9545 expressly states that a PCRA petition "shall be filed within one year of the date the judgment becomes final" unless one of the statutory exceptions is pled and proven. 42 Pa.C.S.A. § 9545. Our courts have strictly interpreted this requirement as creating a jurisdictional deadline.... Further, our courts have interpreted jurisdiction under section 9545 differently than section 5505. Unlike section 5505, section 9545 does not merely grant a court authority to consider a PCRA petition for a limited period of time; it acts to divest a court of jurisdiction once the filing period has passed. *See* [*Commonwealth v. Perrin*, 947 A.2d 1284 (Pa. Super. 2008)] (courts are without jurisdiction

_____

30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

to consider the merits of untimely PCRA petition). *Therefore, when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious.*

**Id***.* at 522-23 (emphasis added).

Accordingly, as Appellant failed to file a timely PCRA petition and has pled or proven that any of the statutory exceptions to the PCRA time bar applies to the claims raised in his filings, the PCRA court had no jurisdiction to consider the merits of Appellant's arguments and could not invoke inherent jurisdiction to review such claims.  Therefore, we affirm the dismissal of Appellant's *pro se* motions that were deemed to be his second PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  7/3/2025